`

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| TINA L. BLOSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-0699-SSA-CV-W-WAK |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Claimant Tina L. Bloss seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. She claims she became disabled beginning on August 30, 2003.[2] The parties' briefs were fully submitted, and on March 27, 2007, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

[2]Claimant initially gave an onset date of May 12, 2001, but modified that date at the hearing because of work activity after May 12, 2001.

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant Tina Bloss was born in 1958, completed high school and has two years of college. She worked for a substantial number of years as a pharmaceutical sales account executive with good earnings. After that job ended, she purchased a tanning salon and operated it for approximately two years. She has not worked since that time.

2

Bloss was injured in May 2001 when she was struck by a vehicle.  She claims she is disabled by severe back and leg pain, most of which was caused by the accident.  She says she has degenerative joint disease in her lumbar spine, pain in her lower left leg, bilateral knee pain, bilateral carpal tunnel syndrome, anxiety and depression.  She testified that she stays in bed several days each month because of pain, awakes frequently during the night due to pain or numbness, drops things, frequently shifts to alleviate the pain, has lost her appetite, and suffers from depression due to the pain.  She stated she does not socialize, leaves the house mainly for doctor appointments, and suffers from side effects caused by her medications.

After considering the medical evidence, the Administrative Law Judge (ALJ) found Bloss had degenerative disc disease of the lumbar spine with stenosis and mild right radiculopathy; bilateral carpal tunnel syndrome; and depression.  The ALJ did not find her knee problem and rheumatoid arthritis[3] to be of the required duration or sufficiently proven.

The ALJ determined claimant was unable to return to her past work.  He decided, however, based upon the available evidence and the testimony of a vocational expert, that Bloss retains the residual functional capacity to perform a significant range of unskilled sedentary jobs, such as a surveillance systems monitor, wire patcher, photo finisher or optical goods assembler.

In this request for judicial review, she claims the ALJ failed to give the appropriate weight to the opinion of her treating physician, failed to make a proper credibility determination, developed an arbitrary RFC, and used evidence that was inconsistent with the DOT.

First, claimant states the ALJ should have given controlling weight to the opinion of Dr. Vitali Kononov, who completed a Social Security Mental RFC Questionnaire.  Kononov's opinion would preclude claimant from working due to her mental health impairments, which he partially attributed to the pain caused by her untreatable medical conditions.

The ALJ gave little weight to the questionnaire after he found the assessment was not consistent with the other medical evidence or Kononov's own treatment notes.  It is also noted

---

[3]Claimant's later medical records indicate she had a high rheumatoid factor, but the record does not show a diagnosis of rheumatoid arthritis.  She was referred to a rheumatologist, but the record does not disclose whether she followed up with the referral.  The ALJ also found her knee injury did not meet the durational requirement of 12 continuous months.

3

that Kononov expressed an opinion for the relevant dates of May 2001 to December 2005, but only treated Bloss between August and December 2005 before completing the form.

The opinion of a treating physician is normally entitled to deference, but the ALJ is not required to defer to such an opinion when it is not internally consistent or it is not supported by acceptable clinical or diagnostic data. Anderson v. Barnhart, 344 F.3d 809, 813 (8th Cir. 2003) (quoting Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000)). The medical records show claimant was taking antidepressant medications during the relevant time, but do not show regular counseling or other therapy prior to August 2005, or that she was unable to function or work because of her mental condition. The records also do not indicate that Kononov reviewed any of claimant's medical records for her general health conditions prior to giving an opinion that he based, in part, on her physical impairments. Accordingly, the court does not find the ALJ erred in giving little weight to the opinion of Kononov.

Bloss next challenges the ALJ's credibility findings and asserts he failed to properly consider her testimony. The ALJ determined Bloss had overstated the severity of some of her symptoms. He noted a big gap in her treatment between the time of her back problems following the accident and her renewal of treatment in June 2004. He also noted she had worked for approximately two years after the accident and her medical records do not show she reported the side effects of her medications to her treating physicians. The ALJ commented on her demeanor during the hearing, where she was alert, sat for an hour without shifting, and had a normal gait. He referenced some of the physical findings made by treating or examining physicians, where her strength was good, her carpal tunnel syndrome was mild, and most of her treatment was conservative.

After considering the entire record, the ALJ noted claimant's good work record and motivation to work, but nevertheless found that her testimony that she was unable to work a 40-hour week was not credible.

The court may not make new credibility findings, but must consider whether the ALJ's findings are supported by the record. "Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353

4

F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at 605.

In Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984), the court identified factors to be used in assessing the credibility of a claimant's allegations of disabling conditions. Those factors include objective medical evidence, subjective descriptions of pain and incapacity, the claimant's daily activities, and the effects of medication. The ALJ cited those factors and set forth adequate reasons, supported by the record, for discounting claimant's testimony.

Likewise, the court does not find error in the RFC determined by the ALJ or that the ALJ erred by relying on evidence that was inconsistent with the DOT.

The ALJ's determination of residual functional capacity must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). It is a medical consideration that, in essence, defines "what he or she can do despite his or her limitations. 20 C.F.R. § 404.1545." Pearsall v. Massanari, 274 F.3d 1211, 1214 (8th Cir. 2001). Thus, the ALJ must set forth the limitations and determine how those limitations affect his or her RFC. Lewis v. Barnhart, 353 F.3d at 646. In this case, the ALJ did so.

Accordingly, the court must affirm the decision of the Commissioner. Nevertheless, the court is not without empathy for Bloss. Her records show she had some shorter term medical problems and situational stress that undoubtedly contributed to her pain and belief that she is unable to work. For example, she had problems associated with ovarian cysts that eventually led to a laproscopic surgical procedure to remove her ovaries and fallopian tubes. Also, her mental health treatment notes show references to the loss of a close friend and to the illness of her father. Clearly, those conditions and circumstances contributed to her pain and depression, but the record does not disclose they were long-term or serious conditions that would not resolve with time and/or treatment, or that they would prevent her from working on a regular basis.

Likewise, the court does not dispute that Bloss experiences pain. The issue, however, is not whether she was experiencing pain during the coverage period, but how severe the pain was and whether it was disabling. Dolph v. Barnhart, 308 F.3d 876, 880 (8th Cir. 2002); Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. (2001); Thomas v. Sullivan, 928 F.2d 255, 259 (8th Cir. 1991).

This court must sustain the agency's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Piercy v. Bowen, 835 F.2d 190 (8th Cir. 1987). After careful consideration of the record, the court finds substantial evidence on the record as a whole to support the ALJ's decision.

For these reasons, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 26th day of April, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

6